Oldham, J, All the matters set up by the defendant in the court below, ¡n his fjpst foup pleas, are matters in abatement of the action by attachment, of which the defendant in that action might have availed himself at the proper time. The bond for the release pf the property having been voluntarily executed for a valuable consideration, the pleas furnish no discharge from liability upon it. The fifth plea traverses an averment alleged in the declaration and necessary to be proven to entitle the plaintiff to recover. The plea being in the negative properly concludes with a verification. In 1 Ch. PI. 537, jt is said “when the declaration is founded on matter pf record, which is traversed by the plea, it should not in general conclude tp the country, but should allege there is no such record and usually concludes with a verification and prayer of judgment si actio.” The demurrer questions the sufficiency of the plea to bar the right of the plaintiff to recover and not whether the plea is inconsistent with some othpr plea interposed by the defendant. The sixth plea is vague and indefinite. It is pn essential rule of pleading that a. party must either traverse or confess and avoid the allegations .of the opposite party. This pipa does not conform to that general rule, but is wholly vague, indistinct and uncertain. But for the error in sustaining the demurrer to the fifth plea, th.e judgment must be reversed,